650 P.2d 45

Richard L. KNIGHT, Personal Representative of the Estate of John L. Knight, deceased, Plaintiff-Appellee,

v.

PRESBYTERIAN HOSPITAL CENTER, a corporation, Defendant-Appellant.

No. 5718.

Court of Appeals of New Mexico.

Aug. 5, 1982.

W. Robert Lasater, Jr., Edward Ricco, Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, for defendant-appellant.

Terry M. Word, Smith, Ransom & Gilstrap, Law Offices, Richard E. Ransom, P.A., Albuquerque, for plaintiff-appellee.

## OPINION

SUTIN, Judge.

Defendant Presbyterian Hospital Center (PHC) filed an application for an order allowing an interlocutory appeal. The application was granted. This Court ordered plaintiff, Richard L. Knight, personal representative, to show cause why this Court should not summarily reverse the trial court on the basis of *Carter v. Burn Construction Company, Inc.*, 85 N.M. 27, 508 P.2d 1324 (Ct.App.1973). Briefs were filed as ordered. The following statement appears in the application for interlocutory appeal:

FACTUAL BACKGROUND:

John Knight, Plaintiff's decedent, was involved in a motorcycle accident on May 4, 1980, and was taken to the emergency room of Presbyterian Hospital, where he died within a few hours. Plaintiff instituted this action against Presbyterian Hospital Center (PHC) on December 1, 1980, alleging that the negligence of PHC

was a proximate cause of decedent's death.

PHC personnel contacted PHC's legal counsel on May 5, 1980, and advised him of the incident involving John Knight. Counsel felt that there was a strong possibility that litigation would ensue. He therefore directed a PHC employee to act on his behalf in obtaining information on the incident, including statements from certain individuals involved in the treatment of John Knight. The employee did obtain such statements and provided them to PHC's counsel.

On March 11, 1981, Plaintiff propounded a set of interrogatories which were answered by PHC on May 4, 1981. Interrogatory No. 2 requested the identities of all persons involved in the treatment of John Knight. It was answered in full. Interrogatory No. 3 and PHC's response thereto are as follows:

> INTERROGATORY NO. 3: For each individual named in answer to Interrogatory No. 2, please state whether or not any statements or depositions have been taken of the individual, and, if so, the title, name and address of the individual taking the statement or deposition; whether the statement or deposition was taken by taperecording [sic] or by written means; if taken by taperecording [sic], whether the statement or deposition has been transcribed; and the present location and name and address of the person having present custody of any such statements, depositions, taperecording [sic] or transcriptions.
>
> ANSWER: Statements were taken by our attorney after the incident in question. Statements were written by the various individuals involved. Our attorney, W. Robert Lasater, Box 1888, Albuquerque, New Mexico, 87103, presently has custody of these statements.

Also on March 11, 1981, Plaintiff filed a Request for Production of Documents in which he sought

> [a]ny statements or depositions made by or taken from any employees of Presbyterian Hospital Center regarding any events surrounding the treatment,

care and death of John L. Knight, deceased, on or about May 4, 1980.

PHC did not respond to this request.

Plaintiff moved for an order compelling discovery, including production of the statements sought in his March 11 request and referred to in Interrogatory No. 3. At a hearing on the matter, PHC opposed production on the grounds that certain statements were protected as attorney work product.

On April 14, 1982, the trial court entered an order granting plaintiff's motion to compel. The court found in pertinent part that

> [t]he statements taken from the Presbyterian Hospital personnel (nurses, technicians, etc.) immediately after the death of John L. Knight * * * do not constitute attorney work product.

The court ordered that PHC

> deliver to Plaintiff copies of all statements which [PHC] took from its employees after the death of John L. Knight, deceased.
>
> *    *    *    *    *    *

PHC seeks review of that portion of the trial court's order holding that the statements obtained by an employee of PHC for and on behalf of PHC's legal counsel are not attorney work product. PHC does not seek review of any other aspect of the trial court's order. *It should be noted that certain statements in the possession of PHC's counsel were made spontaneously by certain individuals involved in the treatment of John Knight after the incident of May 4, 1980; PHC does not seek review of the trial court's order insofar as it requires that these non-work product statements be turned over to plaintiff.* [Emphasis added.]

*    *    *    *    *    *

The question presented is:

Whether statements obtained by a hospital employee from various persons involved in the treatment of a patient constitute attorney work product when those statements are obtained shortly after an incident in the patient's treatment that raises the possibility of litigation and are

obtained for and on behalf of the hospital's attorney in anticipation of such litigation?

We answer this question in favor of PHC and reverse and remand.

*CARTER* holds:

that a burden rests upon the party, who seeks the production and inspection by * * * court order of *any* * * * *statements* * * * *prepared by a lawyer or at his direction* for his own use in prosecuting his client's case, to establish that there is good cause why the desired material should be made available to him. To establish good cause a party must show that the material sought is not available upon the exercise of diligent effort and that it is necessary for the preparation of his case, or that the denial of the production and inspection of the material sought will unfairly prejudice his case or cause him undue hardship or injustice. [Emphasis added.]

This is the rule adopted in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). For an extensive review, see Annot. *Development, Since Hickman v. Taylor, Of Attorney's "Work Product" Doctrine*, 35 A.L.R.3d 412 (1971).

Under *Carter*, any statements obtained by a PHC employee at the direction of PHC's lawyer are subject to production and inspection by Knight if Knight establishes good cause why the desired statements should be made available to him. To establish good cause, Knight must show:

(a) the statements are necessary for the preparation of his case and,

(b) the statements are not available upon the exercise of diligent effort,

or

(a) denial will unfairly prejudice his case,

or

(b) cause him undue hardship or injustice.

Knight did not discuss or establish the burden of showing "good cause." He argues that:

The holding in *Carter* is that there was not a sufficient showing made for the production for the attorney work product as is required by Rule 26(B)(2), New Mexico Rules of Civil Procedure. . . . [T]he statements which are admittedly in the possession of the defendant's attorney are not, in fact, attorney work product.

■ The *Carter* opinion was entered in 1973. In 1979, Rule 26 was rewritten and the 1979 amendment included subsection (B)(2). The *Carter* opinion did not discuss Rule 26 as it then existed. It was modified by Rule 26(B)(2) which reads in pertinent part:

[A] party may obtain discovery of documents and tangible things otherwise discoverable under Paragraph (B)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney . . .) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

This rule is now controlling. Knight was not required to show cause why this case should be summarily reversed on the basis of *Carter.* Under this rule, Knight can obtain witnesses' statements in the possession of PHC's attorney only (1) upon a showing of substantial need and (2) undue hardship to obtain the substantial equivalent. A showing of "good cause" as required in *Carter* has been dropped. Knight has not discussed or shown a "substantial need" or "undue hardship." Knight cannot complain because Rule 26(B)(2) was known to him.

Civil Trial Manual 2 (1981), pp. 297–8, suggests that in order to comply with "undue hardship," a party could show this by demonstrating that:

1. In that statement sought the witness gave a fresh account of the events of interest shortly after they occurred, whereas the witness was available to the party seeking discovery only a long time after the events when his memory had dimmed;

2. The witness has grown reluctant or hostile....

3. The witness may have had a lapse of memory;

4. He may be deviating from a prior statement....

█ Knight took the deposition of eight witnesses. He argues that a detailed review would indicate that the "statements" were written by the various employees without any guidance or specific questioning by PHC's attorney or his agent. Therefore, the trial court correctly concluded that these statements were not the lawyers work product and production of the statements would not involve the disclosure of attorney work products. Plaintiff's argument is alien to the language of Rule 26(B)(2).

█ Any statement "prepared in anticipation of litigation" by and *for* PHC's attorney, whether or not a work product, can be obtained upon a showing of substantial need and undue hardship. Knight failed to make this showing.

Witnesses' statements taken by or for PHC's attorney in anticipation of litigation are not admissible in evidence by PHC to its advantage. Knight might find them useful in preparation for deposition or trial for purposes of impeachment or corroboration. Even so, the showing must be made. Statements of relevant facts, and facts which identify either source of information, obtained shortly after an event occurs are facts fresh in the mind of witnesses. These facts may be favorable or adverse to PHC's defense. If adverse, the name and last known address having been furnished by PHC, Knight may interview, take a statement or take the deposition of the witnesses to his advantage. If favorable, absent a review of the statement within a reasonable time prior to the deposition taken or testimony given at trial, the clarity of relevant and source facts may have dimmed or been forgotten by the witness. If a witness testifies that the relevant and source facts given in the statement are not clear in the witness' memory or have been forgotten, upon demand and refusal by PHC to produce the statement, Knight may then by motion seek an order of the district court that the statement of the witness be produced based upon substantial need and undue hardship. The court may review the statement of the witness and, in the exercise of its discretion, rule upon the motion.

Discovery is not a one-way proposition for defendants. It may work to the advantage or disadvantage of individual plaintiffs. "It is available in all types of cases at the behest of any party, individual or corporate, plaintiff or defendant." *Hickman* [329 U.S. 507, 67 S.Ct. 391, 91 L.Ed. 460].

*Carter* points to the strong liberality of interpretation of discovery provisions to enable parties to discover all relevant facts. In the exercise of its discretion, the district court should be mindful of this expression of liberality in ruling on a party's motion. Knight did not show compliance with the rule stated in *Carter* nor the rule stated in Rule 26(B)(2).

PHC is not compelled to deliver to Knight copies of all statements which PHC took from its employees after the death of John L. Knight, deceased. PHC is compelled to deliver to Knight certain statements in the possession of its attorney which were made spontaneously by certain individuals involved in the treatment of John Knight after the incident of May 4, 1980. PHC did not seek a review of the trial court's order insofar as it required that those statements be turned over to Knight.

The interlocutory appeal having been granted and compliance having failed, this case is reversed and remanded to the district court to review all statements taken by PHC in camera, select those that the court determines were made spontaneously and enter an order that xerox copies of the statement or statements of the witness or witnesses made spontaneously be delivered to Knight. The court shall return to PHC all statements of PHC reviewed.

IT IS SO ORDERED.

LOPEZ and DONNELLY, JJ., concur.